UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CORNELL ROBINSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:16-CV-44-ACL |
|  | ) |  |
| JASIMANE FLENNOY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's second amended complaint [Doc. 12]. For the reasons stated below, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Second Amended Complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), brings this action for the violation of his constitutional rights under 42 U.S.C. § 1983. The named defendants are Jasimane Flennoy (Correctional Officer) and Paula Reed (SECC Assistant Warden). Plaintiff alleges that "the staff at SECC has been harassing [him] making snide remarks at [his] cell door ever since [he] filed a complaint for sexual harassment against Jasimane Flennoy." Plaintiff claims that defendant Reed issued him a false conduct violation in retaliation for complaining about Flennoy and for filing a lawsuit against Flennoy. Plaintiff states that Flennoy was fired because of her treatment towards him, and he complains that he does not feel safe at SECC.

**Discussion**

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against

defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the second amended complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court notes that plaintiff has failed to assert any non-conclusory claims against defendant Flennoy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (§ 1983 claimant must allege facts supporting individual defendant's personal involvement or responsibility for unconstitutional action); *Madewell v. Roberts*, 909

F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue, because the second amended complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this __3rd__ day of _____June_____, 2016.

_____\s\ Jean C. Hamilton_____
UNITED STATES DISTRICT JUDGE